# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN A. FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 3262 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN,[1] ) | Jeffrey T. Gilbert |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This is an appeal of the denial of a claim for disability insurance benefits pursuant to 42 U.S.C. § 405(g). Plaintiff Steven Fowler ("Claimant") seeks reversal or remand of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his application for Social Security Disability Insurance under sections 216(i), 223(d), and 1614(a)(3)A) of the Social Security Act. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment. ECF No. 7.

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons stated herein, Claimant's motion (ECF No. 15) is granted, and the Commissioner's motion (ECF No. 24) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

Claimant filed an application for disability benefits on April 30, 2007 (R. 188), alleging a disability beginning February 12, 2007 (R. 223). Claimant suffers from major depressive disorder and borderline personality disorder. R. 20. His application for disability benefits was denied initially on July 13, 2007 (R. 102) and again after reconsideration on September 27, 2007 (R. 107). Claimant requested a hearing before an Administrative Law Judge ("ALJ") on November 26, 2007. R. 110. Claimant appeared and testified at a hearing before ALJ John Mondi on April 6, 2009, and he was represented by an attorney. R. 64. Neither a medical expert nor a vocational expert testified at the hearing.

On September 1, 2009, the ALJ denied Claimant's application for disability benefits and found him not disabled under the Social Security Act. R. 90-97. On September 15, 2010, the Appeals Council remanded Claimant's case back to the ALJ because Claimant's established residual functional capacity ("RFC") was inconsistent with the ALJ's Step 4 finding. R. 100. The Appeals Council instructed the ALJ that a vocational expert should testify on remand as to whether there are jobs existing in significant numbers in the national economy that the Claimant can perform. R. 100. The supplemental hearing was held on July 13, 2011. R. 37. The Claimant was represented by an attorney, and a medical expert and vocational expert testified. *Id.*

On August 23, 2011, the ALJ again denied Claimant's claim. R. 15. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since February 12, 2007, the alleged onset date. R. 20. At step two, the ALJ found that Claimant had the severe impairments of major depressive disorder and borderline personality disorder. R. 20. At step three, however, the ALJ found that none of Claimant's impairments, alone or in combination,

met or medically equaled one of the listed impairments described by Appendix 1 of the regulations. R. 21-22.

At step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to work at all exertional levels but was limited to unskilled work requiring no more than simple one- and two-step tasks at a consistent pace. R. 22. At step five, the ALJ concluded that Claimant was unable to perform any of his past relevant work but found that there were jobs in the national economy that he could perform. R. 27. Accordingly, the ALJ concluded that Claimant was not disabled under the Social Security Act. R. 28.

Claimant appealed the ALJ's second decision to the Appeals Council on August 23, 2011. R. 1. The Appeals Council denied Claimant's request for review on February 26, 2013, leaving the ALJ's decision as the final decision of the Commissioner. R. 1.

## II. ANALYSIS

Claimant argues that this matter should be reversed or remanded because (1) the ALJ improperly discounted Claimant's treating physician's opinion; (2) the ALJ erroneously stated that the regulations did not permit an assignment of weight to the evidence of the Claimant's therapist; (3) the ALJ placed great weight on the Claimant's Activities of Daily Living ("ADLs") without explaining how these activities were inconsistent with the medical evidence; and (4) the ALJ failed to comply with the Appeals Council remand. After reviewing the parties' briefs and the administrative record, the Court concludes that the ALJ did not sufficiently explain how he weighed the medical evidence supplied by Claimant's treating physician. Therefore, remand is appropriate.

3

A.  **The ALJ did not sufficiently explain how he weighed the medical evidence supplied by Claimant's treating physician.**

Claimant argues that the ALJ erred in assigning reduced weight to the opinion of Claimant's treating psychiatrist, Dr. Kurilo. Specifically, Claimant contends that the ALJ discounted the treating physician's opinion without sufficient explanation. For the reasons discussed below, this Court agrees.

An ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). When an ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). "The ALJ is required to articulate, at some minimum level, [his] analysis of the evidence." *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005) (quoting *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (internal quotations omitted)); *see also Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions, and must adequately articulate his analysis so that we can follow his reasoning.").

At issue in this case is the "treating physician" rule, 20 C.F.R. § 404.1527(d)(2), which "directs the administrative law judge to give controlling weight to the medical opinion of a treating physician if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence.'" *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (quoting *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006)). Once well-supported contradictory evidence is introduced, however, the treating physician's opinion is no longer entitled to controlling weight and it becomes simply another piece of evidence for the ALJ to weigh. *Id.* At that point, the treating physician rule requires the

ALJ to weigh the medical opinion of the treating physician using various factors, including (1) whether the physician has examined the claimant; (2) whether a treatment relationship exists and the length, nature and extent of the treatment relationship; (3) whether the opinion is supported by relevant evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether the physician is a specialist on the particular conditions alleged to be suffered by the Claimant; and any other factors that may be relevant. 20 C.F.R. § 404.1527(c); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009).

In this case, Dr. Kurilo, Claimant's treating psychiatrist, opined that Claimant had slight limitations in activities of daily living; marked difficulties in maintaining social functioning; frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and repeated (three or more) episodes of decompensation. R. 554. The ALJ noted that Dr. Kurilo's opinion "would support a finding that the claimant is disabled." R. 26. However, the ALJ gave Dr. Kurilo's opinion reduced weight and instead adopted the opinion of Disability Determination Services reviewing psychologist Carl Hermsmeyer, Ph.D. Dr. Hermsmeyer concluded that the Claimant only had mild restrictions in activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation. R. 500.

Because the ALJ did not give Dr. Kurilo's opinion controlling weight, he was required "to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss*, 555 F.3d at 556 (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ did not sufficiently discuss these factors. Instead, the ALJ vaguely states that Dr. Kurilo's opinion is "not well supported and inconsistent with the other substantial

5

evidence, especially the claimant's activities." (R. 26). The ALJ's conclusions in this regard are not supported by substantial evidence.

First, the ALJ's conclusion that Dr. Kurilo's opinion "is not well supported" is inextricably tied to Claimant's second argument: that the ALJ erred in failing to assign weight to the opinion of his therapist, Alison Paddack, MA, LCPC. As set forth below, the Court agrees that the ALJ erred in failing to assign weight to Ms. Paddack's opinion. If the ALJ had properly considered Ms. Paddack's opinion, he may have come to a different conclusion regarding Dr. Kurilo's opinion because many of Ms. Paddack's statements regarding Claimant's limitations are similar to Dr. Kurilo's. For example, Ms. Paddack opined that Claimant had no useful ability to function to complete a normal workday and workweek without interruptions from psychologically based symptoms or to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. R. 325. She further stated that Claimant had "issues maintaining appropriate boundaries with others" and does not "perform well while under stress." (R. 325). Thus, without further analysis from the ALJ, the Court cannot affirm the ALJ's conclusion that Dr. Kurilo's opinion "is not well supported."

Nor can the Court affirm the ALJ's conclusion that Dr. Kurilo's opinion warrants little weight because it is inconsistent with Claimant's activities. The ALJ pointed out that Claimant visits family, talks to neighbors, participates in community theater, volunteers, and attends community college. R. 25. According to the ALJ, these activities were inconsistent with the limitations set forth in Dr. Kurilo's opinion. R. 26. However, it is unclear how they are inconsistent, especially since Dr. Kurilo acknowledged that Claimant's impairments only "slightly" restricted his activities of daily living. R. 554. Moreover, the Seventh Circuit has repeatedly cautioned against placing undue weight on a claimant's activities of daily living. *See*,

*e.g., Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (remanding where ALJ discounted treating physician's opinion because claimant's ability to engage in various activities of daily living merely demonstrated that claimant "is not a raving maniac who needs to be locked up," not that claimant's treating physician's opinion was unsupported by the evidence).

Dr. Kurilo is a specialist in psychiatric disorders who had treated Claimant since April 2007. R. 551. Yet the ALJ said nothing regarding this factor. Given Dr. Kurilo's specialty and the length and nature of the treating relationship, absent some sort of serious flaw, the ALJ ought to have given great weight to her opinions. *See id.* (remanding where the ALJ gave little weight to two treating physicians, both specialists in psychiatric disorders, and both of whom had treated claimant over a period of years). At the very least, the ALJ was required to more thoroughly go through the factors laid out in treating physician rule checklist. The Seventh Circuit has repeatedly stated that an ALJ must "minimally articulate his or her justification for rejecting or accepting specific evidence of a disability." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (quoting *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988)). The ALJ did not do so here, and remand is appropriate.

**B.     The ALJ erred by failing to consider evidence offered by Claimant's therapist.**

Claimant also argues that remand is appropriate because the ALJ erred in failing to consider the opinion of his therapist, Ms. Paddack. Specifically, Claimant asserts that the ALJ erred when he stated that "the regulations do not permit an assignment of weight" to the opinion of Claimant's therapist. The Court agrees. The Court already has determined that the ALJ did not adequately address the factors set forth in the treating physician rule checklist. Remand is therefore appropriate regardless of whether the ALJ erred in failing to consider Ms. Paddack's

7

opinion. The Court finds it necessary to comment on this argument, however, because it is inextricably tied to the ALJ's analysis of Dr. Kurilo's opinion upon remand.

It is true that therapists are not "acceptable medical sources" under the regulations. *See* 20 C.F.R. § 404.1513(a) (listing acceptable medical sources). However, the regulations allow for the consideration of "other sources" in addition to evidence from "acceptable medical sources." 20 C.F.R. § 404.1513(d). Indeed, the regulations clearly state that therapists are one example of an "other source" the ALJ may consider in determining the severity of a claimant's impairments. 20 C.F.R. § 404.1513(d)(1). The ALJ's blanket conclusion that the regulations did not permit him to consider Ms. Paddack's opinion because she was not an "acceptable medical source" was thus erroneous.

One instance in which "other sources" can be used by an ALJ is in the weighing of medical opinion evidence. As discussed above, the regulations list a number of factors to be considered when weighing medical opinion evidence. In addition to these factors, the regulations include a catchall called "other factors," stating, "When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(6). Ms. Paddack's notes and opinions are one of those "other factors" that the regulations allow to be used in evaluating medical evidence. *See, e.g., Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013) (noting that claimant's "therapist's notes track [the treating psychiatrist]'s neatly"). That is especially true here, where Claimant urged the ALJ to consider Ms. Paddack's opinion because, according to Claimant, "my counselor knows me better than anyone. Okay. She knows me probably better than I know myself." R. 60. The ALJ's failure to do so on the basis that the regulations did not allow for it was erroneous.

As discussed above, the ALJ rejected Dr. Kurilo's opinion as inconsistent with other substantial evidence in the record. The ALJ reached this conclusion without consideration of Ms. Paddack's evidence, which supports Dr. Kurilo's opinion. Upon remand, the ALJ should consider what weight to afford Ms. Paddack's opinion and how Ms. Paddack's opinion, properly weighted, may affect his determination that Dr. Kurilo's opinion is not supported.[2]

The Court stresses that this Memorandum and Order should not be construed as an indication that the Court believes that Claimant was disabled between February 12, 2007 and August 23, 2011, or that he should be awarded benefits for the period in question. To the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

**C.     Other issues.**

Claimant argues that the ALJ's failure to give sufficient weight to Dr. Kurilo's and Ms. Paddack's opinions resulted in further errors, including a failure to properly evaluate whether Claimant met listing 12.04 and/or 12.08, adopting a medical expert's opinion that was contrary to substantive evidence, making an erroneous RFC determination, and posing an improper hypothetical to the vocational expert. In light of the Court's other rulings discussed above, the ALJ should revisit these issues as necessary upon remand.

---

[2] The ALJ found that "even if Ms. Paddack were an acceptable medical source, little weight would be given to her opinion because it is inconsistent with the other medical evidence of record." R. 27. This conclusion is insufficient at this juncture because Ms. Paddack's opinion is not dissimilar to Dr. Kurilo's opinion, and the ALJ must reconsider the weight given to Ms. Kurilo's opinion upon remand.

9

## III. CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgment (ECF No. 15) is granted, and the Commissioner's Motion for Summary Judgment (ECF No. 24) is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 18, 2015